### No. 407.

LOUIS WALD & Co. *v.* W. B. REEDY & Co.—THE HIBERNIA INSURANCE Co., Garnishees.

1. In an attachment suit, where garnishment process has issued, an order, taking interrogatories *pro confessis*, cannot become final against the garnishee, until there be an absolute judgment against the principal defendant.

2. Such an order, therefore, against a garnishee, rendered before the defendant has been finally condemned, is interlocutory only : nor can it work an irreparable injury—therefore, no appeal lies directly therefrom.

*Appeal from Civil District Court, Division A.   Tissot, J.*

*W. F. & D. C. Mellon* for plaintiff, appellee.

*T. Gilmore & Sons* for garnishee, appellant.

### ON MOTION TO DISMISS.

KELLY, J.—This is an attachment suit against non-residents, in which notice of seizure under the writ was served upon the Hibernia Insurance Company, and interrogatories were propounded to them as garnishees in the usual form.   The Company having answered all of the interrogatories categorically in

the negative, a rule was taken by the plaintiffs upon the Company, to show cause why its answers should not be set aside as untrue, and the interrogatories be taken for confessed, which upon trial was made absolute; and the answers of the garnishees were ordered to be set aside as untrue, and the interrogatories propounded by the plaintiffs to the garnishees to be taken for confessed; and from this judgment or order the Hibernia Insurance Company has taken this appeal.

Motion is now made, on behalf of the plaintiffs and appellees, to dismiss the appeal, because, first, the appeal is premature, it being from an interlocutory judgment, that does not and cannot work irreparable injury to the garnishee, and, second, because there is no final judgment against the garnishee.

On behalf of the appellant it is contended that the judgment appealed from is not an interlocutory judgment, but one disposing of all the issues between the parties, plaintiff and garnishee. But such is, obviously, not its character. The *main* issue between the plaintiffs and the garnishee, to which all other issues are merely subsidiary, is, as to whether or not the plaintiffs shall, eventually, have and recover of the garnishee the amount of their claim against the defendant; and the judgment appealed from certainly does not dispose of that issue, as, under it, without a *further judgment*, the plaintiffs can have and recover nothing of the garnishee.

Although called a judgment, the decree appealed from is merely an interlocutory and preliminary order, which can, in no wise, avail the plaintiffs unless supplemented by a further and final judgment in the suit. Nor is it an interlocutory judgment, which, if it be erroneous, can work any injury to the party against whom it is rendered, not remediable by appeal from any final judgment which may be based and predicated upon it.

In State ex rel. Schooler vs. Judge, 23 An. 214, the plaintiff traversed the answers of the garnishee, and, after regular trial, the rule was made absolute, taking the interrogatories for confessed; and it was ordered that such property and effects of the debtor as were in the hands of the garnishee, as well as such

sum as was due by him to the debtor, be subject to satisfy such
judgment as might be rendered against the defendant. The
proceeding was by *mandamus*, to compel the Judge of the District
Court to grant an appeal from that judgment, and, as his return
to the writ, the respondent showed that the judgment, so-called,
was " a conditional interlocutory order, and not a final judgment
and, therefore, not appealable until there be a judgment against
the defendant, on the debt claimed by the plaintiff." And this
return the Supreme Court held to be sufficient; and in so doing
conformed to the jurisprudence of that Court, as to the character
of such interlocutory orders, as settled by a series of antecedent
decisions.

In Caldwell vs. Townsend, 5 La. An. 308, it was said : " The
garnishee is only responsible to the plaintiff in attachment
*through the claim which he has enforced to judgment against the*
*defendant* in the cause ; and no such judgment appears in the
record in this case."

In Collins vs. Friend, Teatman, garnishee, 21 La. An. 8, the
Court said : " In no case can judgment be had against a gar-
nishee before a judgment is obtained against a debtor.    5 N. S.
307 ; 12 L. 16 ; 10 R. 138 ; 14 An. 374."

Of course, it was not meant to be said or intimated that no
interlocutory order taking interrogatories for confessed could be
had against a garnishee until after judgment against the debtor.

In Proseous vs. Mann, 12 L. 16, the Court said : " It is true
Art. 263 C. P. provides that if the garnishee does not answer the
interrogatories within the delay of the law, such refusal or
neglect shall be considered as a confession of his having in his
hands sufficient property of defendant to satisfy the plaintiff's
demands.

" But it is clear plaintiff *cannot recover* against the garnishee
without obtaining judgment against his debtor." In this case,
an interlocutory judgment that the interrogatories be taken for
confessed, was *set aside* on application of the garnishee to be
permitted to answer, on the ground that there could be no final

judgment against the garnishee until there was judgment against the debtor.

In Rose and McCarthy vs. Whalley and Edwards, 14 La. An. 374, a similar interlocutory order taking interrogatories for confessed was vacated, and the garnishee allowed to answer. The Court said, in reference to the judgment set aside as interlocutory:‑" No judgment was rendered against the garnishee *for any sum of money.* \* \* Until the creditor has judgment against his debtor, he cannot have judgment against the garnishee, *for the latter is not indebted to the creditor but to his debtor.*

" The mere order of court taking interrogatories for confessed, before a judgment has been obtained against his debtor, cannot then *absolutely* benefit him, and it is not an order which he can at all events enforce against the garnishee, for if the creditor does not obtain judgment against the defendant, the order taking the interrogatories for confessed will not profit him.

"As then the creditor cannot get judgment against the garnishee, until he has obtained it against his debtor, the object of the law in forcing him to answer within a certain time will be effected if he answer at any time before judgment be rendered against the debtor."

The interlocutory order from which this appeal is not susceptible of any enforcement to the detriment of the appellant unless as it may be hereafter made the basis of a further and final judgment, an appeal from which will bring up for review, in due time, any question there may be of error *vel non* in the interlocutory order, from which the present appeal is premature, and must on that ground be dismissed.

And it is so ordered.